WALLACE M. TICE, ESQ. (SBN 88177)
LYNCH, GILARDI & GRUMMER
475 Sansome Street, Suite 1800
San Francisco, CA 94111
Telephone:  (415) 397-2800
Facsimile:  (415) 397-0937

Attorneys for Plaintiff,
EILEEN BUCKLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO DIVISION

| | |
|---|---|
| EILEEN BUCKLEY, <br><br> Plaintiff, <br><br> vs. <br><br> MBH CONSULTING, INC. DEFERRED COMPENSATION TRUST; MBH CONSULTING, INC.; MBH SOLUTIONS, INC.; and PETER McCREE, <br><br> Defendants. | Case No.: C 05-03282 SC <br><br> **PLAINTIFF'S FURTHER STATUS REPORT and [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE** <br><br> Date: March 10, 2006 <br> Time: 10:00 a.m. <br> Dept.: Courtroom 1, 17th Floor <br> Honorable Samuel Conti <br><br> CASE FILED:    8/11/05 <br> TRIAL DATE:    N/A |

For purposes of the once-postponed Initial Case Management Conference currently on calendar for March 10, 2006, counsel for Plaintiff Eileen Buckley submits the following Status Report and request for second postponement of the Case Management Conference.

On August 11, 2005, Plaintiff Eileen Buckley ("Plaintiff") filed the current Complaint for Declaratory, Injunctive and Monetary Relief against her former employer (MBH Consulting, Inc. or MBH Solutions, Inc.), the trust that managed her Supplemental Employee Retirement

1
**PLAINTIFF'S FURTHER STATUS REPORT and [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE**

Plan (MBH Consulting, Inc. Deferred Compensation Trust; "the Plan"), and the former employer's chief executive and Plan trustee (Peter McCree) (collectively, "Defendants"). In essence, the Complaint states Ms. Buckley's claims under the federal Employee Retirement Income Security Act of 1974 ("ERISA") and under California state law for Defendants' failure to pay benefits under and properly to administer the retirement Plan, for breach of employment contract, for misrepresentation, and for breaches of fiduciary duties. All Defendants currently reside in New Jersey but have had relevant contacts with San Francisco.

Following further unsuccessful settlement discussions, Plaintiff's counsel sent the Complaint and related documents to Defendants' corporate counsel in New Jersey on September 12, 2005, along with forms for Notice of Lawsuit and Request for Waiver of Service of Summons, as well as Waiver of Service of Summons. After still more settlement efforts, Defendants' corporate counsel advised that neither he nor Defendants would accept service of the Complaint and related documents by Waiver of Service of Summons, so Plaintiff accomplished personal service on all Defendants on November 7, 2005 (see, Proofs of Service filed November 14, 2005).

Following personal service on Defendants of the Complaint and related documents, and even more earnestly since the original postponement of the initial Case Management Conference from December 9, 2005 to March 10, 2006, settlement efforts have continued through Defendants' corporate attorney in New Jersey. So as to avoid the expenses of retaining local counsel and the Defendants' stated reduction in the prospects of compromise while settlement progress appeared to occur, Plaintiff has not required Defendants to file any responsive pleading and Defendants have not yet formally appeared in this action. Since December 9, 2005, settlement efforts have included numerous telephone and written communications between counsel, as well as direct telephone discussions between plaintiff Buckley and defendant

McCree. At this point, Plaintiff's counsel believes that the parties have reached an agreement in principal on the settlement figure, and that remaining issues concern terms of Defendants' payment and security for payments over time. However, Defendants' counsel has been ill this entire week and therefore unavailable to verify the status of completing a compromise agreement. Plaintiff's counsel again anticipates that settlement discussions on the outstanding details will either succeed or fail within the next two to three weeks, and that no further postponement will be necessary.

Under these circumstances, and especially given the absence of Defendants' retaining local counsel and filing responsive pleadings, Plaintiff suggests that conducting an Initial Case Management Conference on March 10, 2006 would be premature. Plaintiff therefore requests continuance of the Initial Case Management Conference until May __, 2006.

DATED:        March 2, 2006              LYNCH, GILARDI & GRUMMER


                                         By _____
                                              Wallace M. Tice, Esq.
                                         Attorneys for Plaintiff, EILEEN BUCKLEY


**ORDER**

In consideration of Plaintiff's Status Report and the overall status of this matter, IT IS HEREBY ORDERED that the Initial Case Management Conference is continued from March 10, 2006 until Friday, May 12, 2006 at 10:00 a.m. in Courtroom 1. In advance of the Initial Case Management Conference on March 10, 2006, the parties shall file a Joint Case Management Statement and otherwise comply with Federal Rule of Civil Procedure 26 and Local Rules 16-3 to 16-10. The Plaintiff shall advise Defendants that the Court likely will calendar a Trial date

//

Lynch, Gilardi & Grummer
475 Sansome Street
Suite 1800
San Francisco, CA 94111
Ph (415) 397-2800
Fax (415) 397-0937

3

**PLAINTIFF'S FURTHER STATUS REPORT and [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE**

1 and schedule other appropriate events at the Initial Case Management Conference.

2 DATED:      March  8 , 2006



F:\PF775\P\CaseManagementStatement.002.doc

Lynch, Gilardi & Grummer
475 Sansome Street
Suite 1800
San Francisco, CA 94111
Ph (415) 397-2800
Fax (415) 397-0937

4

**PLAINTIFF'S FURTHER STATUS REPORT and [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE**